# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

GENE CURTIS ROPER,                      )
                                        )
    *Plaintiff*,                        )
                                        )
v.                                      )  No. 2:25-CV-142-CLC-CRW
                                        )
DOJ, F.B.O.P., F.C.I TALLADEGA,         )
STATE OF ALABAMA, EXECUTIVE             )
STAFF OF FCI TALLADEGA, B.D.            )
WALKER, CAPTAIN CLARK, T.               )
SHELTON, CODY PATTERSON, C/O            )
KENNEDY, FOOD SERVICE STAFF, H.         )
ANDERSON, SIS, and F.B.O.P.             )
ADMINISTRATION,                         )
                                        )
    *Defendants*.

## JUDGMENT ORDER

Plaintiff, a prisoner housed at the Federal Correctional Institution in Talladega ("FCI Talladega"), filed a *pro se* complaint arising out of incidents during his FCI Talladega confinement [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1].

The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)–(3). Plaintiff's complaint arises out of incidents during his confinement in FCI Talladega, which is in Talladega County, Alabama, which lies within the United States District Court for the Northern District of Alabama, Eastern Division. *See* 28 U.S.C. § 81(a)(4). A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a). The Court therefore concludes that the proper venue for this case is the Northern District of Alabama, Eastern Division. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties). As the Northern District of Alabama is the proper venue for Plaintiff's complaint, the Court will transfer this action there.

Accordingly, the Clerk is **DIRECTED** to transfer this action to the United States District Court for the Northern District of Alabama, Eastern Division and to **CLOSE** this Court's file.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
   s/ *LeAnna R. Wilson*
   CLERK OF COURT